# *QUI TAM* COMPLAINT WITH RETALIATION CLAIMS

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES ex rel.<br>Edward Marshall, AKA *QUI TAM RELATOR*<br>c/o Francis J. Flanagan. Esq.<br>Sayer Regan Thayer & Flanagan<br>130 Bellevue Avenue, Unit 2<br>Newport, Rhode Island 02842-7424 | Civil Action No.<br>CA 05 215 S |
| BRINGING THIS ACTION ON BEHALF OF THE<br>UNITED STATES OF AMERICA | COMPLAINT AND JURY DEMAND<br><br>Date Received: ________________ |
| c/o<br>United States Attorney<br>United States District Court<br>Two Exchange Terrace<br>Providence, Rhode Island 02903<br><br>and<br><br>c/o<br>Attorney General,<br>United States Department of Justice<br>10th & Constitution Avenues, N.W.<br>Washington, D.C. 20530<br><br>Plaintiffs<br>vs. | ORIGINAL COMPLAINT<br>FILED IN CAMERA<br>SEALED PURSUANT TO<br>31 U.S.C. § 3730(b) (2)<br><br>_______________________<br>United States District Court |
| FOSTER WHEELER INC.<br>Perryville Corporate Park<br>P.O. Box 4000<br>Clinton, New Jersey, 08809-4000<br><br>Defendant. | |

# PARTIES

1. This is an action brought by *QUI TAM RELATOR* Edward Marshall (the "Relator") an American citizen living in Middletown, Rhode Island in his own name, and in the name of the United States of America (the "U.S.A."), pursuant to 31 U.S.C. § 3729 and 31 U.S.C. § 3730. This action is brought to recover penalties and damages arising from the Defendant's submission of false claims and false records to the U.S.A. for the payment of money. This action is also brought to recover damages arising from retaliatory discharge. During the period of 1999 and 2000, the Relator was employed by the Defendant as a laborer.

2. The Defendant Foster Wheeler, Inc. (the "Defendant") is a corporation engaged in the decontamination of hazardous waste. Its worldwide operational headquarters are located in Clinton, New Jersey. It did business with the United States of America, (the "U.S.A.") in the State of Rhode Island.

# JURISDICTION AND VENUE

1. This action arises under the False Claims Act, 31 U.S.C. § 3729 and U.S.C. § 3730.

2. Jurisdiction and Venue is conferred upon this Court pursuant to 31 U.S.C. § 3732 because and is proper because the act proscribed by 31 U.S.C § 3729 occurred in Rhode Island.

3. No public disclosure, as defined in 31 U.S.C. 3730, of the allegations or transactions alleged in this action has occurred.

# COUNT I
# FALSE CLAIMS ACT VIOLATIONS
# 31 U.S.C. § 3729(a)(1) AND 31 U.S.C. § 3730

1. The Defendant and the U.S.A. and/or its agencies, including but not limited to, the United States Navy, entered into a contract, (the "Contract") whereby the Defendant agreed to decontaminate hazardous waste at or about Defense Highway, Naval Station Newport in Portsmouth, Rhode Island, (the "Site") and the U.S.A. agreed to pay the Defendant for its services. The Site is owned and/or controlled by the U.S.A and the United States Navy, Naval Station Newport.

2. The U.S.A. has promulgated standards (the "Standards") which govern the practice of environmental cleanup. These Standards detail requirements which must be satisfied and certified.

3. The Contract required said hazardous waste removal and decontamination at the Site to be performed in compliance with the Standards.

4. The Defendant represented and certified to the U.S.A. that its decontamination operation at the Site complied with the Standards when in fact it did not.

5. During 1999 and 2000, the Relator observed the Defendant's inadequate and improper decontamination of the Site. Specifically, the Relator observed the Defendant's failure to properly control PCBs (Polychlorinated Biphenyls), falsification of environmental testing procedures and results, the willful failure to remove identified contaminated objects and the burial of hazardous waste objects.

6. The Defendant knew it failed to comply with the Standards but continued to falsely certify compliance requirements called for by the Contract and the Standards.

7. The Defendant breached its Contract with the U.S.A. because it failed to properly decontaminate and remove contaminated and hazardous waste from the Site in accordance with the Standards.

8. The Defendant deceived the U.S.A. when it failed to perform its obligations under the Contract but certified it performed its obligations.

9. The Defendant submitted claims for payment in accordance with the Contract. These claims for payment were fraudulent because the Defendant failed to properly decontaminate and remove contaminated and hazardous waste from the Site.

10. At the time the Defendant submitted the claims for payment in accordance with the Contract the Defendant knew or should have known that the claims were false because it knew it failed to perform its obligations under the Contract in accordance with the Standards.

WHEREFORE, the Relator, on behalf of himself and the U.S.A prays that:

(a) This Court enter judgment against the Defendant in an amount equal to three times the amount of damages the U.S.A. sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729(a), and the cost of this action, with interest, including the costs the U.S.A. incurs in connection with this action;

(b) The Relator be awarded all costs incurred, including reasonable attorneys' fees;

(c) Should the U.S.A. proceed with this action, the Relator be awarded an amount for bringing this action of at least 15%, but not more than 25%, of the proceeds of the action or the settlement of the claim;

(d) Should the U.S.A. decline to proceed with this action, the Relator be awarded an amount the Court determines is reasonable for collecting the civil penalty and damages, which shall not be less than 25% nor more than 30% on the proceeds of the action or settlement of the claim;

(e) The Relator be awarded prejudgment interest; and

(f) The U.S.A. and the Relator receive such other relief as the Court finds appropriate.

## COUNT II
## FALSE CLAIMS ACT VIOLATIONS
## 31 U.S.C. § 3729(a)(2) AND 31 U.S.C. § 3730

11. The Relator restates the allegations of Paragraphs 1 through 10 of this Complaint, inclusive, as if fully set forth herein.

12. The Defendant submitted false records in support of claims for payment in accordance with the Contract. These false records in support of claims for payment were fraudulent because the Defendant failed to properly decontaminate and remove contaminated and hazardous waste from the Site.

13. At the time the Defendant submitted the false records in support of claims for payment in accordance with the Contract the Defendant knew or should have known that the records were false because it knew it failed to perform its obligations under the Contract in accordance with the Standards and consequently falsified said records.

WHEREFORE, the Relator, on behalf of himself and the U.S.A prays that:

(a) This Court enter judgment against the Defendant in an amount equal to three times the amount of damages the U.S.A. sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729(a), and the cost of this action, with interest, including the costs the U.S.A. incurs in connection with this action;

(b) The Relator be awarded all costs incurred, including reasonable attorneys' fees;

(c) Should the U.S.A. proceed with this action, the Relator be awarded an amount for bringing this action of at least 15%, but not more than 25%, of the proceeds of the action or the settlement of the claim;

(d) Should the U.S.A. decline to proceed with this action, the Relator be awarded an amount the Court determines is reasonable for collecting the civil penalty and damages, which shall not be less than 25% nor more than 30% on the proceeds of the action or settlement of the claim;

(e) The Relator be awarded prejudgment interest; and

(f) The U.S.A. and the Relator receive such other relief as the Court finds appropriate.

# COUNT III
# FALSE CLAIMS ACT RETALIATION VIOLATION
# 31 U.S.C. § 3730(h)

14. The Relator restates the allegations of Paragraphs 1 through 13 of this Complaint, inclusive, as if fully set forth herein.

15. During the course of the Relator's employment with the Defendant he was a laborer and not a member of management personnel and therefore did not make any decisions resulting in the above actions.

16. During the course of the Relator's employment with the Defendant he complained to Defendant's management about deficiencies in the environmental testing procedures and the Defendant's failure to properly remove hazardous waste from the Site.

17. The Defendant, in violation of 31 U.S.C. § 3730(h), and in retaliation, discharged the Relator because of his complaints about the Defendant's breach of the Contract and violations of the Standards.

18. The Defendant discharged the Relator in an effort to threaten, harass, and discriminate against him, in violation of 31 U.S.C. § 3730(h), in order to intimidate him from initiating, cooperating or assisting in the investigation of an action under the False Claims Act.

19. The Defendant's actions damaged the Relator in violation of 31 U.S.C. § 3730(h), in an amount to be determined at trial.

WHEREFORE, the Relator, on behalf of himself and the U.S.A prays that:

(a) This Court enter judgment against the Defendant in an amount equal to three times the amount of damages the U.S.A. sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729(a), and the cost of this action, with interest, including the costs the U.S.A. incurs in connection with this action;

(b) The Relator be awarded all costs incurred, including reasonable attorneys' fees;

(c) Should the U.S.A. proceed with this action, the Relator be awarded an amount for bringing this action of at least 15%, but not more than 25%, of the proceeds of the action or the settlement of the claim;

(d) Should the U.S.A. decline to proceed with this action, the Relator be awarded an amount the Court determines is reasonable for collecting the civil penalty and damages, which shall not be less than 25% nor more than 30% on the proceeds of the action or settlement of the claim;

(e) The Relator be awarded prejudgment interest; and

(f) The U.S.A. and the Relator receive such other relief as the Court finds appropriate.

# COUNT IV
# RETALIATORY DISCHARGE

20. The Relator restates the allegations of Paragraphs 1 through 19 of this Complaint, inclusive, as if fully set forth herein.

21. The Defendant, in retaliation, discharged the Relator after he notified them of his concerns set forth in this Complaint.

22. The Defendant's retaliatory discharge of the Relator violated the law and public policy of the State of Rhode Island.

23. The Defendant's conduct was outrageous, malicious, and demonstrated a conscious disregard of the law and public policy of the State of Rhode Island.

24. The Defendant's actions damaged the Relator.

WHEREFORE, the Relator, on behalf of himself and the U.S.A prays that:

(a) This Court enter judgment against the Defendant in an amount equal to three times the amount of damages the U.S.A. sustained because of Defendant's actions, plus a civil penalty of $10,000 for each violation of 31 U.S.C. § 3729(a), and the cost of this action, with interest, including the costs the U.S.A. incurs in connection with this action;

(b) The Relator be awarded all costs incurred, including reasonable attorneys' fees;

(c) Should the U.S.A. proceed with this action, the Relator be awarded an amount for bringing this action of at least 15%, but not more than 25%, of the proceeds of the action or the settlement of the claim;

(d) Should the U.S.A. decline to proceed with this action, the Relator be awarded an amount the Court determines is reasonable for collecting the civil penalty and damages, which shall not be less than 25% nor more than 30% on the proceeds of the action or settlement of the claim;

(e) The Relator be awarded prejudgment interest; and

(f) The U.S.A. and the Relator receive such other relief as the Court finds appropriate.

Respectfully submitted,

Francis J. Flanagan, Esquire
Attorney for Relator, Edward Marshall
Sayer, Regan, Thayer & Flanagan
130 Bellevue Avenue, Unit 2
Newport, RI 02840
(401) 849-3040

RELATOR HEREBY DEMANDS A JURY TRIAL